■ ELIZABETH MARGRABE, Appellant, et al., Plaintiffs, v AN-THONY J. RUSCIANO, II, et al., Defendants. SEXTER & WARMFLASH, P.C., Nonparty Respondent. [831 NYS2d 257]—In a shareholders' derivative action, the plaintiff Elizabeth Margrabe appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 1, 2004, as granted those branches of the motion of nonparty, Sexter & Warmflash, P.C., which were to fix an attorneys' lien on certain settlement proceeds and to direct the escrow agent to pay over to it the sum of $121,659.74, together with any accrued interest.

Ordered that the appeal is dismissed, without costs or disbursements.

The appeal from so much of the order entered September 1, 2004, as granted those branches of the motion of the nonparty, Sexter & Warmflash, P.C., which were to fix an attorney's lien on certain settlement proceeds and to direct the escrow agent to pay over to Sexter & Warmflash, P.C., the sum of $121,659.74, together with any accrued interest, must be dismissed, as the order appealed from has been superseded by an order of the same court entered October 29, 2004. The order entered October 29, 2004, expressly "vacat[ed] the lien and the direction that the escrowed funds be paid over" and directed that a hearing be held.

The issues raised by the appellant regarding the reasonableness of legal fees and her usury defense to the payment of any fees appear to be interwoven with all issues that the Supreme Court will be addressing at the hearing.

Motion by nonparty-respondent, Sexter & Warmflash, P.C., inter alia, to dismiss an appeal from an order of the Supreme Court, Westchester County, entered September 1, 2004, on the ground that the order appealed from was superseded by an order of the same court entered October 29, 2004. By decision and order on motion of this Court dated December 2, 2005, the branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal upon the argument or submission thereof.

Upon the motion and the papers filed in response thereto, and upon the argument of the appeal, it is

Ordered that the branch of motion which is to dismiss the appeal is denied as academic in light of our determination on the appeal (*see Margrabe v Rusciano*, 38 AD3d 503 [2007] [decided herewith]). Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.